IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY, et al.,

    Plaintiffs,                  CIV S-05-0649 DFL KJM PS

    vs.

UNITED STATES, et al.,

    Defendants.              ORDER

_____/

        Plaintiffs are proceeding pro se. Plaintiff Sergei Portnoy has filed an in forma pauperis affidavit in which he states that he is presently employed and that his bi-weekly take home salary is $850.00. Plaintiff also states that he has cash assets of $400.00.

        As provided by federal statute, a filing fee of $250.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff Sergei Portnoy's earnings shows that he is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316 (N.D.

1

Cal. 1994). Plaintiff Sergei Portnoy therefore will be granted twenty days in which to submit the appropriate filing fee to the Clerk of the Court. Plaintiff is cautioned that failure to pay the fee will result in a recommendation that the application to proceed in forma pauperis be denied and the instant action be dismissed without prejudice.

Summons have been served in this action. The matter therefore will be set for status conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, plaintiff shall submit the appropriate filing fee.

2. A status conference is hereby set before the undersigned on October 19, 2005 at 10:00 a.m.

3. All parties shall appear by counsel or in person if acting without counsel. Plaintiffs proceeding pro se must each appear at the status conference and are reminded that they may not make appearances for other plaintiffs proceeding pro se.

4. The parties shall submit to the court and serve by mail on all other parties, no later than seven days before the Status (Pretrial Scheduling) Conference, a status report addressing the following matters:

    a.  Service of process;

    b.  Possible joinder of additional parties;

    c.  Any expected or desired amendment of the pleadings;

    d.  Jurisdiction and venue;

    e.  Anticipated motions and the scheduling thereof;

    f.  The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

    g.  The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be

1  scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution

2  Program (see Local Rule 16-271) is appropriate in this case;

3        h. Future proceedings, including setting appropriate cutoff dates for discovery

4  and law and motion and the scheduling of a pretrial conference and trial;

5        i. Modification of standard pretrial procedures specified by the rules due to the

6  relative simplicity or complexity of the action or proceedings;

7        j. Whether the case is related to any other case, including matters in

8  bankruptcy;

9        k. Whether the counsel will stipulate to the magistrate judge assigned to this

10 matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or

11 whether they prefer to have a Settlement Conference before another judge;

12       l. Any other matters that may add to the just and expeditious disposition of this

13 matter.

14      5. Plaintiffs and defense counsel are reminded of their continuing duty to notify

15 chambers immediately of any settlement or other disposition (see Local Rule 16-160).  In

16 addition, the parties are cautioned that pursuant to Local Rule 78-230(c), opposition to the

17 granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule

18 further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral

19 arguments if written opposition to the motion has not been timely filed by that party."

20 Moreover, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of

21 opposition to the motion or may result in sanctions.  Finally, Local Rule 11-110 provides that

22 failure to comply with the  Local Rules "may be grounds for imposition by the Court of any and

23 all sanctions authorized by statute or Rule or within the inherent power of the Court."

24 /////

25 /////

26

1    6. Plaintiffs are directed to serve a copy of this order on defendants and to file a
2 proof of service reflecting said service within ten days from the date of this order.
3 DATED: August 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE