IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY, et al.,

      Plaintiffs,                CIV S-05-0649 DFL KJM PS

    vs.

UNITED STATES, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Pending before the court is defendants' motion to dismiss and/or for summary judgment. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this case, plaintiffs assert various claims challenging actions by the Bureau of Citizenship and Immigration Services. Defendants move for summary judgment, contending this court is without jurisdiction to hear the merits of plaintiff Elena Portnoy's challenge to her order of removal and that the government is entitled to summary judgment on the remaining claims.

        Elena Portnoy challenges her final removal order. All challenges to final orders of removal are to be filed directly in the Circuit Courts of Appeals. 8 U.S.C. § 1252. Plaintiff has filed such a petition in the Ninth Circuit, where her case is pending. See Kudinova v. Gonzales, No. 05-76377 (9th Cir. filed Nov. 8, 2005). As this court is without jurisdiction, plaintiff's claim

1

cannot be maintained here and should be dismissed.

Both plaintiffs also challenge the denial of a petition made by plaintiff Sergei Portnoy in 2000 to accord plaintiff Elena Portnoy immediate relative status as the spouse of a United States citizen. Administrative Record ("AR")[1] 13. In conjunction with that petition, plaintiff Elena Portnoy filed an application to adjust her status to become a lawful permanent resident. AR 22-26. The petition and application were denied in July 2001, because plaintiffs failed to provide evidence of a divorce from the husband to whom plaintiff Elena Portnoy indicated she was married when she applied for a visa to enter the United States. AR 40-43, 159-162. The arguments raised by plaintiffs in the instant action have been fully adjudicated by plaintiffs in an action they filed in the Northern District of California, <u>Portnoy v. United States</u>, No. C-03-4238 MJJ slip op. (N.D. Cal. Mar. 9, 2005). AR 151-172. This claim therefore is barred under the principles of res judicata. Moreover, plaintiffs never provided the requested information, did not file a waiver application, did not file a motion to reopen and did not file a new petition. 8 C.F.R. § 103.5(a). Plaintiffs thus have failed to exhaust their administrative remedies, as required. Defendants are entitled to summary judgment on this claim.

Plaintiffs also allege a claim in connection with the denial of plaintiff Elena Portnoy's application for naturalization. AR 173-182. The application was denied because plaintiff failed to provide evidence she was lawfully admitted for permanent residence. AR 205-206. Reviewing the record <u>de novo</u>, the court finds no error in the denial of plaintiff's application for naturalization. <u>See</u> 8 C.F.R. § 336.9(c). Plaintiff cannot overcome her failure to establish the statutory prerequisite of being lawfully admitted to the United States as a permanent resident. 8 U.S.C. § 1427(a).

Plaintiff Elena Portnoy also raises a claim under the Fifteenth Amendment that she has been denied the right to vote in federal elections. This claim is predicated on the right to

---

[1] The Administrative Record has been lodged with this court.

2

be naturalized.  Because defendants are entitled to summary judgment on the naturalization claim, the Fifteenth Amendment claim should be summarily adjudicated as well.

Plaintiffs further allege a claim under the Freedom of Information Act ("FOIA"). In opposition to defendants' motion, plaintiffs submit a letter from the Immigration and Naturalization Service indicating that in response to plaintiff Elena Portnoy's request for records, 118 pages of material were provided to plaintiff Elena Portnoy on July 30, 2002.  Pls.' Opp'n at 21 (Ex. 6).  Plaintiffs have not explained what other records they are seeking or what documents they believe the government is withholding from disclosure.  Under these circumstances, summary judgment should be granted in favor of defendants on the FOIA claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted on plaintiffs' claim contesting the removal order; and

2. Defendants' motion for summary judgment be granted on the remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

/////
/////
/////
/////
/////
/////
/////
/////

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2006.

UNITED STATES MAGISTRATE JUDGE

006
portnoy.57

4